# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-02-00074-CV

---

**The City of Fort Worth and Gary W. Jackson, Appellants**

**v.**

**John W. Cornyn, Attorney General of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT**
**NO. 99-12126, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

This appeal in a declaratory judgment action presents the issue of whether section 552.108(b)(1) of the Texas Public Information Act authorizes the City of Fort Worth to withhold from an individual seeking a position as a police officer background and reference information it obtains from third parties as part of its evaluation of his employment application. *See* Tex. Gov=t Code Ann. ' 552.108 (b)(1) (West Supp. 2002). We hold that section 552.108(b)(1) does not permit the City to withhold such documents from a police officer applicant making a valid disclosure request under the Act. In so holding, we overrule appellants= sole issue and affirm the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The events giving rise to this suit stem from the City of Fort Worth=s response to Frederick Tiede=s application for employment as a police officer. After conducting a background investigation,

administering tests to and interviewing Tiede, the City notified him of its decision not to hire him as a police officer. Thereafter, Tiede submitted an open records request to the City asking for Acopies of any documents or information to which I am entitled for the purpose of discovering the basis of your determination regarding my application with the Forth Worth Police Department.@ Believing the information to be exempt from disclosure, the City requested a decision from the Attorney General regarding the applicability of section 552.108 of the Texas Government Code (Athe law enforcement exception@), which permits the government to withhold internal records that relate to and, if released, would interfere with law enforcement. *See id.*; *see also id.* ' 552.301(a) (AA governmental body that receives a written request for information that it wishes to withhold from public disclosure and that it considers to be within one of the exceptions under [the Act] must ask for a decision from the attorney general about whether the information is within that exception . . . .@).

The Attorney General issued an informal letter ruling stating, *inter alia*, that section 552.108(b)(1) did not apply to documents containing information relating to the City=s investigation into an applicant=s fitness for being a police officer. Tex. Att=y Gen. ORD-2784 (1999). The Attorney General advised the City that it could not withhold from the rejected applicant the information he requested. *Id.* Pursuant to section 552.324 of the Public Information Act, the City filed a declaratory judgment action in district court challenging the Attorney General=s ruling. *See* Tex. Gov=t Code Ann. ' 552.324.

Before the district court, the City took the position that the information it obtained in connection with evaluating Tiede=s application for employment as a police officer constituted internal records of the police department. The City asserted that, because it maintained such records for internal use in

matters relating to law enforcement, *i.e.*, selecting Athe most highly qualified individuals to detect, investigate, and prosecute crime,@ the records were exempt from the Act=s disclosure requirements. *See id.* **'** 552.108(b). Both parties filed summary judgment motions. The district court rendered judgment denying the City=s motion and granting the Attorney General=s. On appeal to this Court, the City challenges that judgment.

## II. STANDARD OF REVIEW

The City=s appeal does not raise factual issues about the nature of the information sought. Therefore, the question before this Court is one of law which we review *de novo. See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *See Guynes v. Galveston County*, 861 S.W.2d 861, 862 (Tex. 1993). When the district court grants one party=s motion and denies the other=s, the reviewing court should determine all questions presented and render the judgment that the court below should have rendered. *See Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). If the district court fails to specify the grounds for granting summary judgment, the reviewing court must affirm the district court=s judgment if any of the grounds asserted by the prevailing party are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 873 (Tex. 2000). Here, although the district court did not specify the grounds on which it rendered judgment, because the Attorney General=s motion is based only on the law enforcement exception, we must affirm the judgment only if that argument has merit. *City of Houston v.*

3

*Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979); *Arlington Indep. Sch. Dist. v. Texas Att=y Gen.*, 37 S.W.3d 152, 157 (Tex. App.CAustin 2001, no pet.).

### III. ANALYSIS

#### A. *The Controversy*

On appeal, the City=s only contention is that Aitems dealing with the confidential character recommendation letters and confidential background information obtained from third parties@ are exempt from disclosure under the law enforcement exception.[1] The crux of the City=s argument is that, because it must make prudent, informed decisions regarding its initial determination of whether to hire a police officer applicant, the information it obtains from third parties in furtherance of that objective is Arelated to law enforcement.@ The City then contends that disclosing such information to the applicant requestors would discourage third parties from providing candid evaluations of applicants, without which, the City asserts, it could not properly evaluate an applicant=s qualifications. Therefore, argues the City, the requested

---

[1] In the court below, the City argued that, in addition to the character references and background information it obtained from third parties, the tests it administered to Tiede and the interviews it conducted with him were also exempt from disclosure. In this appeal, we address solely the applicability of the law enforcement exception to background and reference information, as it is the only ground asserted by the City as a basis for withholding that information.

4

information is exempt from disclosure pursuant to section 552.108(b)(1).[2] The Attorney General disagrees, asserting that the law enforcement exception Adoes not apply to administrative records that relate solely to the City=s hiring process for a police officer.@ To fully understand the merits of the parties= respective arguments, we begin with a brief history of the Texas Public Information Act.

## B. Texas Public Information Act

Using the Federal Freedom of Information Act as a model, in 1973 the Texas Legislature enacted the Texas Open Records Act, now known as the Texas Public Information Act.[3] The effect of the TPIA is to permit private citizens to obtain documents held by governmental entities and officials. *See generally* Tex. Gov=t Code Ann. '' 552.001-.353 (West 1994 & Supp. 2002). In clear and unequivocal language, the TPIA mandates that Aeach person is entitled, unless otherwise expressly provided by law, at

---

[2] Our references to Athe requested documents/information@ throughout this opinion are intended to refer only to the background and reference information the City contends is exempt from disclosure.

[3] *See* Act of June 14, 1973, 63d Leg., R.S., ch. 424, 1973 Tex. Gen. Laws 1112 (amended 1993) (current version at Tex. Gov=t Code Ann. '' 552.001-.353 (West 1994 & Supp. 2002)); Act of May 29, 1995, 74th Leg., R.S., ch. 1035, ' 29, 1995 Tex. Gen. Laws 5127, 5142 (effective Sept. 1, 1995) (renaming Texas Open Records Act as Texas Public Information Act); *City of Garland*, 22 S.W.3d at 355 (stating Federal Freedom of Information Act used as model for Texas Open Records Act).

all times to complete information about the affairs of government and the official acts of public officials and employees.@ *Id.* ' 552.001(a) (West 1994). This notion of full disclosure is premised on the basic principle Athat government is the servant and not the master of the people,@ and to retain control over the government that they created, the people must remain informed. *Id.*

The statute=s intent to prevent the government from withholding all but the most sensitive documents is evidenced by the Legislature=s directives in section 552.001, requiring courts to liberally construe the TPIA in favor of granting a request for information, and section 552.006, providing that the Act Adoes not authorize the withholding of public information or limit the availability of public information to the public, except as expressly provided.@ *Id.* '' 552.001(a), (b), .006 (West 1994 & Supp. 2002). To withhold information, a governmental body must establish that the requested information is not subject to the Act, or, withholding the information is permitted by one of the TPIA=s enumerated exceptions to disclosure. *See Thomas v. Cornyn*, 71 S.W.3d 473, 490 (Tex. App.CAustin 2002, no pet.) (holding government, not the requestor, must Aproduce evidence that an exception to disclosure applies@). Whether information is subject to the Act and whether an exception to disclosure applies are questions of law. *A & T Consultants v. Sharp*, 904 S.W.2d 668, 674 (Tex. 1995). Here, the parties do not dispute that the requested documents are public information as defined by the Act; rather, the only question is whether the City may withhold that information pursuant to section 552.108(b)(1).

## C. The Law Enforcement Exception

The law enforcement exception contains three subsections. *See* Tex. Gov=t Code Ann. **'** 552.108(a)-(c) (West Supp. 2002). The specific provision at issue in this appeal is subsection (b)(1), which provides:

> An internal record or notation of a law enforcement agency or prosecutor that is maintained for internal use in matters relating to law enforcement or prosecution is excepted from the requirements of [disclosure] if . . . release of the internal record or notation would interfere with law enforcement or prosecution[.]

*Id.* **'** 552.108(b)(1).[4] The parties do not contend that this provision is ambiguous; rather, each party maintains that the other=s interpretation of the statute is contrary to its plain language and the legislative intent.

---

[4] In its entirety, section 552.108(b) reads:

> An internal record or notation of a law enforcement agency or prosecutor that is maintained for internal use in matters relating to law enforcement or prosecution is excepted from the requirements of Section 552.021 if:
>
> (1) release of the internal record or notation would interfere with law enforcement or prosecution;
>
> (2) the internal record or notation relates to law enforcement only in relation to an investigation that did not result in conviction or deferred adjudication; or
>
> (3) the internal record or notation:
>
> > (A) is prepared by an attorney representing the state in anticipation of or in the course of preparing for criminal litigation; or
> >
> > (B) reflects the mental impressions or legal reasoning of an attorney representing the state.



Tex. Gov=t Code Ann. ' 552.108(b) (West Supp. 2002).  Because the Legislature=s amendments to this provision subsequent to this suit do not effect our analysis, we refer to the current Code for convenience.

To interpret this provision, we adhere to the well-settled principles of statutory construction. In applying the plain and common meaning of a statute, a court may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning, especially when the court can discern the legislative intent from a reasonable interpretation of the statute as it is written. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex. 1994). Courts should be careful not to give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone. *Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex. 1978). To be sure, a court must presume that the Legislature intends an entire statute to be effective and that a just and reasonable result is intended. Tex. Gov=t Code Ann. ' 311.021(2), (3) (West 1998). Thus, even when a statute is not ambiguous on its face, a court may consider numerous factors to determine the Legislature=s intent, including: the object sought to be obtained; the circumstances of the statute=s enactment; the legislative history; the common law or former statutory provisions, including laws on the same or similar subjects; the consequences of a particular construction; the administrative construction of the statute; and the title, preamble, and emergency provisions. *Id.* ' 311.023; *Ken Petroleum Corp. v. Questor Drilling Corp.*, 24 S.W.3d 344, 350 (Tex. 2000).

The plain language of section 552.108(b)(1) sets forth three requirements that must be met to withhold information under that provision: the information must (i) be an internal record or notation (ii) maintained for internal use relating to law enforcement and, (iii) if released, interfere with law enforcement. Tex. Gov=t Code Ann. ' 552.108(b)(1). Because the parties do not dispute that the requested documents

9

are maintained for internal use, we focus on whether they relate to, and their release would interfere with, law enforcement.

The City urges us to follow a federal court of appeals= opinion that found that information obtained as part of a pre-employment background investigation was related to law enforcement and therefore exempt from disclosure. *See Mittleman v. Office of Personnel Mgmt.*,76 F.3d 1240, 1243 (D.C. Cir. 1996). In *Mittleman*, the court began its analysis with a discussion of the federal law relating to background investigations, noting that such investigations were authorized by executive order, as well as other provisions of federal law, to ensure that employing Athe person being investigated [was] clearly consistent with the interest of national security.@ *Id.* (citing, *inter alia*, 5 U.S.C. '' 1104, 1303-1305, 2301, 3301, 7312, 2455, and Executive Order No. 10450). Next, the court noted the multi-purpose objectives behind background checks, namely, to ensure that a prospective employee is not ineligible for the position as a result of prior violations of the law and discovering past conduct that could affect his ability to fulfill the position=s requirements. *Id.* Finally, the court reasoned that, because A>enforcement= of the law fairly includes not merely the detection and punishment of violations of law but their prevention,@ background investigations were related to law enforcement. *Id.*

Giving due consideration to the distinctions between the Freedom of Information Act and the TPIA, and the paucity of the *Mittleman* court=s analysis, we conclude that the present case is sufficiently distinguishable from *Mittleman* to warrant a contrary result. *See Holmes v. Morales*, 924 S.W.2d 920, 925 (Tex. 1996) (AWhen the Texas Legislature used the FOIA as a model for the Texas Open Records Act, it appears to have intentionally declined to limit its law enforcement exception in the manner the United

10

States Congress chose.@).  In reaching its decision, the *Mittleman* court failed to consider the history or purpose of the FOIA and was further influenced by its consideration of other federal law concerning background investigations.  Additionally, the court offered no support for its holding, other than a conclusory assertion, that because law enforcement encompassed the prevention of crime, background investigations conducted to assess an applicant=s qualification must relate to law enforcement.  We are not persuaded by such reasoning.  Unlike its federal counterpart, the TPIA Acontains a strong statement of public policy favoring public access to governmental information and a statutory mandate to construe the Act to implement that policy and to construe it in favor of granting a request for information.@  *City of Garland*, 22 S.W.3d at 364.  The singularity of the TPIA alone warrants our decision to depart from the *Mittleman* court=s reasoning.

In its brief, as in the court below, the City relies on Fort Worth Police Chief Ralph Mendoza=s affidavit to establish that the requested documents are exempt from disclosure.  Chief Mendoza=s affidavit, however, is conclusory and fails to explain either how the requested information relates to law enforcement or in what manner releasing such information would interfere with law enforcement.  Mendoza asserts that A[t]he records at issue are records or notations maintained by the Fort Worth Police Department for internal use in matters related to law enforcement.  They relate to a civil investigation of a potential police officer and were developed and maintained only for use in an internal hiring decision.@ None of Mendoza=s statements, however, support the conclusion that the requested documents relate to law enforcement as the term is commonly understood.

11

The City admittedly conducts its "civil investigation" not in its official capacity as the Fort Worth Police Department acting under the color of law, but as a potential employer. We do not believe that the Legislature intended section 552.108 to permit a police department to withhold information related solely to its hiring decisions. Instead, the exception evidences the Legislature's recognition of the peculiar considerations release of internal police records could have on a police department's ability to *enforce the law*. *See* Tex. Att'y Gen. ORD-287 (1981) (stating that "the 'law enforcement' exception was not intended by the legislature to shield from public view information in the hands of police units that . . . would ordinarily be available to the public if possessed by a different governmental unit"). When a police department acts as an employer, its concerns are similar to those of other governmental agencies—to hire the most qualified applicants—and, when acting in such a capacity, its activities do not "relate to law enforcement." That there may be incidental effects stemming from an initial hiring decision is insufficient, we believe, to warrant a strained reading of section 552.108 that would result in denying an applicant requestor information not clearly specified by that exception. To find otherwise would also be inconsistent with the Legislature's directive to liberally construe the Act in favor of disclosure. Further, to conclude that the requested information is exempt from disclosure, we would be ignoring the special purpose behind the law enforcement exception and would bestow upon police departments a withholding privilege not available to any other government employer. Accordingly, we cannot say that background and reference information obtained from third parties in the ordinary course of conducting a background investigation is related to law enforcement.

12

Nor can we conclude that such information would, if released, interfere with law enforcement. To establish this element, the City again refers us to Mendoza=s affidavit, in which he avers: ARelease of this type of information will deprive the Fort Worth Police Department of the ability to hire the best candidates for its police force because . . . [it] would have a chilling effect on citizens who would be willing to comment on an applicant only if their identity was kept confidential.@ While this statement may well be true, we cannot say that release of background and reference information obtained from third parties would have any effect on the City=s ability to enforce the law, at least not in the manner contemplated by the Legislature in enacting section 552.108. *Cf. Hubert v. Harte-Hanks Tex. Newspapers*, 652 S.W.2d 546, 551 (Tex. App.CDallas 1983, writ ref=d n.r.e.) (rejecting argument that Aqualified candidates for university administrative positions would be discouraged from applying for a position if they thought their names might be disclosed@ and stating, AWhile this factor might persuade the legislature to create an Open Records Act exception for such applicants, it is not evidence of a >clearly unwarranted invasion of personal privacy= under . . . the Open Records Act.@). A more reasonable interpretation of the statutory language reveals that the type of internal records that could interfere with law enforcement are those that would divulge a police department=s methods, techniques, and strategies for preventing and predicting crime. *See A & T Consultants, Inc.*, 904 S.W.2d at 678. Examples of these types of documents include: police officer training guides, policy and procedure manuals, shift change schedules, security details, and blueprints of secured facilities. *See, e.g.*, Tex. Att=y Gen. LR2002-0159 (2002) (shift rosters); Tex. Att=y Gen. LR2001-32 (2001) (policy and procedure manuals); Tex. Att=y Gen. ORD-413 (1984) (security details at

13

execution). Releasing these types of documents would make available information that would make it more difficult for police officers to perform their mission. *See A & T Consultants, Inc.*, 904 S.W.2d at 678.

Absent clear and unequivocal language to the contrary, we may not presume that the Legislature intended to include within the scope of section 552.108, as Ainformation relating to law enforcement,@ background and reference information obtained from third parties as part of the City=s application-review process. Were we to interpret section 552.108(b)(1) to include pre-employment background and reference information obtained from third parties, we believe we would be extending beyond permissible bounds the statute=s plain language. In three separate instances, the statute links the words law enforcement and prosecutor. *See* Tex. Gov=t Code Ann. ' 552.108(b)(1). The doctrine of constructionC*noscitur a sociis*Cteaches that Athe meaning of particular terms in a statute may be ascertained by reference to words associated with them in the statute; and that where two or more words of analogous meaning are employed together in a statute, they are understood to be used in their cognate sense, to express the same relations and give color and expression to each other.@ *County of Harris v. Eaton*, 573 S.W.2d 177, 181 (Tex. 1978).

Under this rule of construction, we construe the phrases Ainformation relating to law enforcement@ and Awould interfere with law enforcement@ in reference to the type of information that would also Arelate to prosecution@ or Ainterfere with prosecution.@ *See id.* at 179. So doing, we conclude that the phrase Alaw enforcement,@ in light of the immediately following words Aprosecutor@ or Aprosecution,@ evidences an intent by the Legislature to include within the law enforcement exception only that type of information that relates to violations of the law. If, instead of limiting the scope of the law enforcement

14

exception as we do, we accepted the City=s argument that any activity engaged in by a police department is exempt from disclosure under section 552.108, we would allow the exception to swallow the rule. *See City of Garland*, 22 S.W.3d at 364; *Arlington Indep. Sch. Dist.*, 37 S.W.3d at 158. Because everything a police department does arguably involves law enforcement, were we to adopt the City=s interpretation, none of a police department records would be subject to disclosure. *See* Tex. Att=y Gen. ORD-287 (1981) (AIn one sense, any information that a law enforcement agency possesses may someday become useful to it in the discharge of its law enforcement duties . . . .@).

The more reasoned approach, and the one we adopt, limits section 552.108(b)(1) to that type of information which, if released, would permit private citizens to anticipate weaknesses in a police department, avoid detection, jeopardize officer safety, and generally undermine police efforts to effectuate the laws of this State. Although the term Alaw enforcement@ is not statutorily defined, it is commonly understood to contemplate a state official acting under the color of law. Thus, construing section 552.108 as a whole, we believe that section 552.108(b)(1)=s Arelating to law enforcement@ requirement evidences an intent by the Legislature to exempt from disclosure documents that facilitate a police department=s ability to actively anticipate, plan for, and react to violations of the law, not information obtained from third parties as a result of a pre-employment investigation.

Our conclusion gives effect to, but does not infringe upon, the other two categories of information excepted by subsections (a) and (c)[5] and is supported by numerous attorney general opinions

---

[5] In construing subsection (b), we must be careful not to ascribe to it a meaning that would be

15

interpreting the scope of section 552.108. Although attorney general opinions are not binding on this Court, we consider them persuasive authority and accordingly give them due consideration. *Arlington Indep. Sch. Dist.*, 37 S.W.3d at 159. We find particularly instructive a 1983 attorney general ruling construing the forerunner of section 552.108 to require disclosure of information compiled by the Harris County Sheriff=s Department as part of its background investigation of an applicant. *See* Tex. Att=y Gen. ORD-361 (1983). In that case, the sheriff=s department resisted disclosure, asserting that the information was related to law enforcement because the background information might reveal Aany problems a person might have in fulfilling his employment responsibilities.@ *Id.* at 3. As in this case, the sheriff=s department argued that releasing the information would discourage other people from coming forward with similar information in the future. *Id.* Rejecting both arguments, the Attorney General determined that the law enforcement exception did not authorize the Harris County Sheriff=s Department to withhold the results of its background

inconsistent with or render meaningless subsections (a) and (c). *See Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 402 (Tex. 2000) (stating courts should give effect to all words of a statute and, if possible, avoid treating any statutory language as mere surplusage). Subsection (a) permits documents relating to the detection, prosecution, and prevention of crime to be withheld from public disclosure. Tex. Gov=t Code Ann. ' 552.108(a) (AInformation held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime is excepted from the requirements of@ disclosure if it falls within one of the four enumerated subsections.). Subsection (c) provides that basic information pertaining to an arrested person, an arrest, or a crime is not excepted from the Act=s disclosure requirements. *Id.* ' 552.108(c) (AThis section does not except from the requirements of [disclosure] information that is basic information about an arrested person, an arrest, or a crime.@). Subsection (b), then, pertaining to internal records maintained for matters relating to law enforcement or prosecution, must encompass something other than those associated with traditional police activity (as described in subsection (a)) and information of a statistical nature (as described by subsection (c)). *See id.* ' 552.108(a), (c). The distinction between subsection (b) and subsections (a) and (c), then, is that the latter subsections explicitly encompass matters relating to traditional law enforcement, *i.e.*, ferreting out criminal behavior and apprehending law offenders; the former is intended to protect *internal* police policies, procedures, and techniques used to combat crime.

16

investigation. *Id.* In addition to ORD-361, there are numerous attorney general opinions similarly construing the scope of the law enforcement exception. *See, e.g.*, Tex. Att=y Gen. LR2001-0032 (2001) (finding section 552.108 exempted from disclosure policy and procedure documents but not a police department=s internal administrative investigations not involving an investigation of crime); Tex. Att=y Gen. ORD-531 (1989) (holding that detailed use-of-force guidelines were exempt from disclosure because disclosure would interfere with law enforcement and crime prevention); Tex. Att=y Gen. ORD-456 (1987) (explaining that the law enforcement exception protects Ainformation which, if revealed, might endanger the life or physical safety of law enforcement personnel@); Tex. Att=y Gen. ORD-71 (1986) (AThe public has an obvious interest in having access to information concerning the qualifications and performances of governmental employees, particularly employees who hold positions as sensitive as those held by members of a sheriff=s department.@). That the Legislature has had numerous opportunities to address the Attorney General=s construction of the Act, but has failed to do so, adds to the persuasiveness of these opinions.

The TPIA was intended to provide the public with broad access to government documents. The Act includes specific language directing courts and government agencies to liberally construe its provisions in favor of disclosure. It also provides that the government may not withhold information unless an express provision of law authorizes it to do so. Texas courts have consistently adhered to these requirements by narrowly construing the type of information that may be withheld under the statute=s exceptions. Following this precedent, we hold that section 552.108(b)(1) does not exempt from disclosure to an applicant requestor documents obtained by a police department from third parties for the sole purpose of evaluating an applicant=s qualifications. While it is clear that the law enforcement exception evidences an

17

intent by the Legislature to permit government agencies to withhold internal documents that would enable citizens to circumvent policies, procedures, and techniques used by police departments in carrying out their missions, we are certain that it was not intended to prevent an applicant requestor from obtaining information provided by third parties that is unrelated to the actual enforcement of the law, *i.e.*, information the City uses for the sole purpose of evaluating the applicant=s fitness for employment. *See Ken Petroleum Corp.*, 24 S.W.3d at 350. Thus, we hold that the law enforcement exception does not permit the City to withhold from an applicant requestor background and reference information it obtained from third parties to aid in its determination of whether to hire the police officer applicant. We overrule the City=s sole issue.

## IV. CONCLUSION

The Texas Public Information Act does not authorize the withholding of information from the public except as expressly provided. Having determined that section 552.108(b)(1) does not exempt from disclosure to an applicant requestor background and reference information obtained from third parties solely to aid a police department in its hiring decisions, we overrule the City=s sole issue and affirm the judgment of the district court.

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

18

Filed:   September 12, 2002

Publish