# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00785-CV

**Greg Abbott, Attorney General of Texas, Appellant**

**v.**

**City of Corpus Christi, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. GV102410, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## O P I N I O N

In this declaratory-judgment action, the City of Corpus Christi ("the City") obtained summary judgment against the Attorney General declaring that certain information kept by the City police department is confidential by law and therefore not subject to compelled disclosure under the Texas Public Information Act (TPIA). *See* Tex. Gov't Code Ann. § 552.101 (West 1994). The Attorney General appeals, contending in a single issue that the district court misconstrued a statute that required the information to be placed in a civil service personnel file and therefore made subject to disclosure. We will reverse and render judgment in favor of the Attorney General.

## BACKGROUND

The City is required to have a Fire Fighters' and Police Officers' Civil Service Commission ("the commission"), which exercises various powers over personnel practices within

the City fire and police departments. *See* Tex. Loc. Gov't Code Ann. §§ 143.001, .002, .006 (West 1999). The commission is the custodian of fire and police department personnel files for general purposes, which includes compliance with the TPIA. *See generally id*. § 143.089 (West 1999). Section 143.089 contemplates two types of personnel files.[1] *City of San Antonio v. Texas Att'y Gen.*, 851 S.W.2d 946, 947 (Tex. App.—Austin 1993, writ denied). The first type of file is described in subsections (a) through (f) of section 143.089.

These subsections provide that the director of the commission must maintain a personnel file for each police officer and fire fighter, which must contain certain specified items, including any letter, memorandum, or document relating to "any misconduct by the fire fighter or police officer if the letter, memorandum, or document is from the employing department and if the misconduct resulted in disciplinary action by the employing department in accordance with this chapter . . . ." Tex. Loc. Gov't Code Ann. § 143.089(a)(2). A document alleging misconduct may not be placed in the personnel file if there is insufficient evidence to support the allegation. *Id*. § 143.089(b). The document must be removed from the individual's file if the commission finds the disciplinary action was taken without just cause or the charge of misconduct was not supported by sufficient evidence. *Id*. § 143.089(c). When documents relating to any misconduct enter an individual's personnel file, the director must notify the police officer or fire fighter within thirty days, and he or she may respond to the document within fifteen days. *Id*. § 143.089(d). The contents

---

[1] We will refer to the first type of file as the personnel file, the civil-service personnel file, or the subsection (a) file, depending on the context in which the file is being discussed. We will refer to the second type of file as either the department's personnel file or the subsection (g) file.

2

of an individual's personnel file may not be disclosed without the individual's written consent "unless the release of the information is required by law." *Id*. § 143.089(f).

The second type of file is described in subsection (g) of section 143.089, and its terms are permissive. *City of San Antonio*, 851 S.W.2d at 949. Subsection (g) authorizes, but does not require, City fire and police departments to maintain for their use "a separate and independent personnel file on a police officer or fire fighter." Tex. Loc. Gov't Code Ann. § 143.089(g). Subsection (g) also regulates the keeping of these files, providing that "the department may not release any information contained in the department file to any agency or person requesting information relating to a fire fighter or police officer"; rather, the "department shall refer to the director [of the civil service commission] or the director's designee a person or agency that requests information that is maintained in the fire fighter's or police officer's personnel file." *Id*.

The facts of this case are undisputed. In May 2001, the City police department received two requests for public information, including copies of "all documents regarding complaints about Corpus Christi Police Department and/or officers" and "all complaints made regarding any Corpus Christi Police Officer." The City requested an open records decision from the Attorney General, *see* Tex. Gov't Code Ann. § 552.301(a) (West Supp. 2003), taking the position that some of the requested information was exempted from disclosure. The City submitted to the Attorney General exemplars of this information in the form of exhibits. As to Exhibit M, the City argued that it was confidential by law because the police department had filed it as confidential personnel information under section 143.089(g) of the local government code.[2] *See* Tex. Loc. Gov't

---

[2] Exhibit M consists of a single report on an officer-misconduct investigation. The investigation resulted in disciplinary action. The report has a table of contents. Its contents are

3

Code Ann. § 143.089(g). The Attorney General disagreed and in August 2001 issued a letter ruling concluding that the information in Exhibit M, while appropriately placed in the police department's personnel files, "must also be placed in the civil service personnel files" and therefore be subject to disclosure under the mandatory disclosure provisions of section 143.089. Tex. Att'y Gen. OR2001-3342 (2001). The City then filed a declaratory judgment suit against the Attorney General seeking relief from compliance with the ruling.[3] *See* Tex. Gov't Code Ann. §§ 552.324, .325 (West Supp. 2003).

Both parties moved for summary judgment on the issue of whether Exhibit M was confidential information subject to exemption from disclosure. The City moved on the grounds that Exhibit M is a representative sample of an internal affairs investigation conducted upon the receipt of a citizen's complaint, and as such would not be kept in the civil service personnel files because "they are not documents *from the employing department*." (Emphasis added.) The City's summary judgment evidence consisted of Exhibit M and the affidavit of Captain John Moseley, whose duties in the Division of Professional Standards of the police department include overseeing record-keeping in the department's internal affairs investigations. In his affidavit, Moseley averred that concerns for confidentiality and the complainant's privacy guided the department's decision not to place all documentation in the civil service personnel files even when the investigation results in disciplinary action. Rather, only "the required documents are copied to become part of the disciplined officer's

---

various investigatory materials, including officer statements, witness statements, citizens' complaints and charge forms. A few documents were generated by the department while others were acquired by the department as part of the investigation.

[3] We note that the City also sought a declaratory judgment on the confidentiality of another exhibit, "Exhibit L." The district court's judgment as to Exhibit L has not been appealed.

personnel file." The Attorney General moved on the grounds that Exhibit M contains documents relating to an internal investigation of an excessive-force complaint that resulted in the disciplinary action of a police officer, and therefore Exhibit M is subject to disclosure under section 143.089(a)(2).[4] *See* Tex. Loc. Gov't Code Ann. § 143.089(a)(2). The Attorney General argued that the department could not file Exhibit M in its subsection (g) file and then refuse to also place it in the subsection (a) file because Exhibit M showed "on its face" that the information is "from" the department.

The district court granted the City's motion and denied the Attorney General's motion, declaring that the information in Exhibit M is confidential under section 143.089(g) and not subject to disclosure. *See id.* § 143.089(g). The district court decided that the documents in Exhibit M were not "from" the police department as required by section 143.089(a)(2). *See id*. § 143.089(a)(2). On appeal to this Court, the Attorney General challenges that judgment.

### STANDARD OF REVIEW

The propriety of a ruling on a traditional motion for summary judgment raises a question of law which we review *de novo*. Tex. R. Civ. P. 166a(c); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). The proper inquiry on appeal is whether the defendant, in seeking summary judgment, fulfilled its initial burden of establishing that no genuine issue of material fact exists and that judgment should be granted as a matter of law. *Arlington Indep. Sch. Dist. v. Texas Att'y Gen.*, 37 S.W.3d 152, 156 (Tex. App.—Austin 2001, no pet.) (citing *City of Houston v. Clear*

---

[4] It is undisputed that the documents at issue relate to misconduct resulting in disciplinary action.

5

*Creek Basin Auth.*, 589 S.W.2d 671, 675-79 (Tex. 1979)). Evidence is viewed in the light most favorable to the non-movant with all reasonable inferences indulged and any doubts resolved in favor of the non-movant. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When both parties have filed motions for summary judgment and the district court has granted one motion and denied another, we review the summary judgment proof presented by the parties, determine all questions presented, and render the judgment that the trial court should have rendered. *Arlington*, 37 S.W.3d at 156 (citing *Commissioners Court v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997)).

## ANALYSIS

On appeal, the Attorney General's only issue is whether the "plain language of section 143.089(a)(2) of the [local government code] requires that documents from the police department relating to misconduct of a police officer that resulted in disciplinary action be placed in the civil service personnel file of the police officer, thus, making them subject to public disclosure." Because it is undisputed that the documents at issue relate to misconduct resulting in disciplinary action, the Attorney General urges that this Court decide the proper interpretation of the requirement that the documents placed in the civil-service personnel file be "from the employing department." *See* Tex. Loc. Gov't Code Ann. § 143.089(a)(2).

The City responds by asserting that the Attorney General's issue "presented for review was not the basis of the decision in the [district court] and is therefore not properly before this Court for review." The City argues that the district court based its decision on the City's uncontroverted summary judgment evidence that the department's professional standards division obeys its duty to ensure only "appropriate documents" are placed into the subsection (a) file and that

6

all other documents are maintained in the confidential subsection (g) file. Thus, if we correctly understand the City's argument, the district court deemed Exhibit M confidential because it is already part of a police officer's subsection (g) file and the Attorney General never presented evidence proving otherwise. We disagree, and will address the City's interpretation of section 143.089(g) as a threshold issue. *See id.* § 143.089(g).

The TPIA defines "public information" as "information that is collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; or (2) for a governmental body and the governmental body owns the information or has a right of access to it." Tex. Gov't Code Ann. § 552.002(a) (West Supp. 2003). The TPIA contains specific exceptions from compelled disclosure of information expressly made confidential by law, certain information relating to personnel files, and certain law-enforcement and prosecutors' records. *Id.* §§ 552.101, .102, .108 (West 1994 & Supp. 2003); *see also Thomas v. Cornyn*, 71 S.W.3d 473, 490 (Tex. App.—Austin 2002, no pet.). Whether information is subject to the Act and whether an exception to disclosure applies are questions of law. *AT & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 674 (Tex. 1995). The TPIA "shall be liberally construed in favor of granting a request for information." Tex. Gov't Code Ann. § 552.001(b) (West 1994); *see also AT & T Consultants*, 904 S.W.2d at 675.

Here, the City does not contend that the requested documents are not public information; rather, it argues on appeal only that Exhibit M is made confidential by law because it has been placed in a subsection (g) file, which by statute is not available for public inspection. *See* Tex. Loc. Gov't Code Ann. § 143.089(g). The City cites this Court's opinion in *City of San Antonio v. Texas Attorney General*, which held that subsection (g) deemed "confidential" the contents of

7

personnel files authorized by and maintained under subsection (g), and therefore this information is not subject to compelled disclosure because it comes within the "confidential by law" exception to the TPIA. *City of San Antonio*, 851 S.W.2d at 949; *see also* Tex. Loc. Gov't Ann. § 143.089(g); Tex. Gov't Code Ann. § 552.101. The City misconstrues our holding in *City of San Antonio* to the extent that it argues that documents like Exhibit M are automatically exempted from disclosure once the professional-standards division makes the decision to place them in the subsection (g) file. The City overlooks that in *City of San Antonio* we directed our holding towards "those cases in which the department does not take disciplinary action." *City of San Antonio*, 851 S.W.2d at 948. Because it is undisputed that Exhibit M represents a case in which the department took disciplinary action against a police officer, the City reads *City of San Antonio* to mean that the department has the discretion to withhold certain documents from the subsection (a) file even in cases where disciplinary action is taken, and that its discretion is not subject to review. This is incorrect.

The City of San Antonio made the same argument in *City of San Antonio v. San Antonio Express News*; the San Antonio court of appeals rejected it, stating:

> Although subsection (g) permits a police department or fire department to maintain personnel files on its employees and officers that contain more and different information than appears in the civil service personnel files for the same employees, that does not mean that any and all documents contained in the subsection (g) files are automatically exempt from disclosure under the TPIA. To interpret *City of San Antonio* as urged by the City [of San Antonio] would allow a police department to protect from disclosure any document, which would otherwise be subject to disclosure under the TPIA, by placing that document into a file labeled "departmental subsection (g) personnel file." We do not believe the legislature or the Austin Court of Appeals intended such a result.

8

47 S.W.3d 556, 563 (Tex. App.—San Antonio 2000, pet. denied). Indeed, we did not intend such a result. The decision not to release material placed in a discretionary subsection (g) file is final, except that "if the (g) file contains a letter, memorandum, or document from the employing department relating to a police officer or fire fighter's misconduct that resulted in disciplinary action against the police officer or fire fighter, it *must* be placed in the officer's or fire fighter's (a) file." *In re Jobe*, 42 S.W.3d 174, 181 (Tex. App.—Amarillo 2001, no pet.). Furthermore, the contents of a subsection (g) file are always subject to court review by *in camera* inspection to determine whether it contains information that should have been forwarded to a subsection (a) file and made subject to disclosure. *Id*. Here, the Attorney General's summary-judgment evidence included Exhibit M, which we presume was inspected by the district court *in camera*. We reject the City's assertion that the confidentiality of Exhibit M was established as a matter of law when the City put forth Captain Moseley's uncontroverted affidavit.

Nor do we agree that the district court limited its summary judgment to a ruling on the meaning of subsection (g) of section 143.089. Although the district court found Exhibit M to be confidential under section 143.089(g), the basis for its decision was that the documents at issue did not fall within section 143.089(a)(2). In a letter ruling, the court stated:

> If the phrase, "from the employing department" were to mean "held by" or "in the possession of" the police department, as the Attorney General argues, then that phrase would essentially be redundant and meaningless in the context of the statute. Section 143.089 only pertains to documents within the possession of police and fire departments. Therefore, the phrase "from the employing department" must serve to narrow the scope of documents if it is to have any meaning at all.

Mindful of our standard of review, which directs us to determine all questions presented and render the judgment that the trial court should have rendered, *Arlington*, 37 S.W.3d at 156, we now turn to the question of whether the district court properly interpreted section 143.089(a)(2).

The Attorney General takes the position that any and all investigatory materials in a case resulting in disciplinary action, including the background materials to that investigation, are "from the employing department" insofar as they are held by or in possession of the department for purposes of investigating an officer's misconduct. We agree, and conclude that the district court too narrowly interpreted the phrase "from the employing department." *See* Tex. Loc. Gov't Code Ann. § 143.089(a)(2).

The district court's interpretation expressly relies on *In re Jobe*, which held that the "limitation excludes supporting documents such as complaints, witness statements, and documents of like nature from individuals who were not in a supervisory capacity with the department." *Jobe*, 42 S.W.3d at 180. We decline to follow the Amarillo court of appeals' opinion on this point because we do not believe the legislature intended the phrase "from the employing department" to restrict the scope of information placed in a civil service file solely to a document created by the police chief indicating some final action taken by the department. Subsections (a)-(f) of section 143.089 represent a policy of public disclosure. The court of appeals in *Jobe* recognized this policy, writing that "the obvious legislative intent in its adoption of [subsection (a)(2)] is to explicate a method by which the interest of the public in making sure that no unfit person is employed as a peace officer but, at the same time, ensuring that innocent police officers are protected from unsubstantiated innuendos and accusations." *Id.* at 179. However, the legislature's method of ensuring that innocent officers would not have their reputation smeared was by requiring the documents be placed in a civil-

service personnel file only "if the misconduct resulted in disciplinary action by the employing department." Tex. Loc. Gov't Code Ann. § 143.089(a)(2). By limiting the file to documents "from the employing department," the legislature sought to guard against the disclosure of information sent directly to the civil-service commission by members of the public.[5] But the file must nonetheless consist of any and all materials forwarded to the civil service commission by the employing department, whether or not those materials were written, generated, or created by the department.

Furthermore, as we noted in our discussion of the subsection (g) file, the legislature has not conferred on the department the discretion to decide which materials should be forwarded to the civil service commission for placement in the subsection (a) file. As the Attorney General explained in its opinion:

> [T]his office has read section 143.089 to require that any information held by the employing department and relating to employee misconduct must be placed in the civil service file if the misconduct resulted in disciplinary action. Thus, while the information in Exhibit M is currently in the department's personnel files, it must also be placed in the civil service personnel files.

---

[5] Thus, we disagree with the district court's interpretation of section 143.089 as pertaining only to documents within the possession of police and fire departments. The plain language of section 143.089 does not impose such a limitation; rather, it contemplates that the personnel file maintained by the civil service commission might consist of materials that never passed through the hands of the employing department. For example, section 143.089(a)(1) requires that a personnel file contain any letter, memorandum, or document relating to "a commendation, congratulation, or honor bestowed . . . *by a member of the public or* by the employing department" relating to the person's official duties. Tex. Loc. Gov't Code Ann. § 143.089(a)(1) (West 1999) (emphasis added). The limitation in subsection (a)(2), therefore, is recognition on the part of the legislature that the civil service commission might receive unsolicited letters or complaints about an officer's conduct directly from members of the public; if such materials are not made available to the department and thereby do not constitute evidence in a formal investigation that results in disciplinary action, then they should not be placed in the personnel file. *Id*. § 143.089(a)(2).

Tex. Att'y Gen. OR2001-3342. We give due consideration to the Attorney General's determination, especially because this case involves the TPIA "under which the Attorney General has a mandate to determine the applicability of exceptions to public disclosure." *Rainbow Group Ltd. v. Texas Employment Comm'n*, 897 S.W.2d 946, 949 (Tex. App.—Austin 1995, writ denied); *accord Arlington*, 37 S.W.3d at 159. Thus, the department may not employ subsection (g) as an exception to the mandatory powers and duties of the civil service commission and its director to serve as "custodian of police personnel files for general purposes, which includes compliance with the [TPIA]." *City of San Antonio*, 851 S.W.2d at 948. Because any information collected, assembled, or maintained by a governmental body is presumed open to public inspection, we must not invite the department to circumvent the TPIA's purpose of broad public access to governmental information by affording it the power to first review the materials it has used in an officer-misconduct investigation and then decide to withhold certain materials from the civil service commission by placing them in a subsection (g) file. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 359 (Tex. 2000); *see also City of Fort Worth v. Cornyn*, 86 S.W.3d 320, 323 (Tex. App.—Austin 2002, no pet.).

On appeal, the City offers no compelling reason why the phrase "from the employing department" serves to limit the kinds of materials that the department must send to the civil service commission for placement in the subsection (a) file when investigation into misconduct results in disciplinary action. Rather, the City argues that "from a practical standpoint," deference should be placed in the department's role as the filtering agent for which materials are placed into the subsection (a) file; otherwise, the department is burdened with having to "comb through all of the § 143.089(g) files for information that may also be disclosed" whenever a broad request for

12

documents is made. We reject this argument. The State of Texas has chosen to pursue a policy of open government to serve the interests of the public, not the interests of bureaucratic expediency. *See* Tex. Gov't Code Ann. § 552.001(a) ("[T]he fundamental philosophy of the American constitutional form of representative government . . . adheres to the principle that government is the servant and not the master of the people . . . .").

Moreover, we fail to see in section 143.089 any requirement that police and fire departments screen materials relating to officer misconduct before sending them to the civil service commission for placement in their personnel file. Insofar as section 143.089 provides for the screening of investigatory materials relating to officer misconduct, it does so by giving the civil service commission a role as a filtering agent. As this Court explained in *City of San Antonio*:

> Subsections (a)-(f) of section 143.089 are important . . . because (1) they mandate the keeping of a personnel file on each police officer or fire fighter; (2) they designate the director of the civil-service commission as the officer authorized to make disclosure decisions, under the [TPIA], regarding those files; (3) they declare a legislative policy decision against disclosure of unsubstantiated claims of misconduct made against police officers and fire fighters, except with an individual's written consent; and (4) they establish an adjudicatory process to effectuate that policy decision.

*City of San Antonio*, 851 S.W.2d at 949. Thus, whenever a member of the public makes a broad request for information regarding an officer's conduct, as in this case, the director of the commission is charged with the task of inspecting the materials in its personnel file to make an initial determination as to whether certain exceptions to disclosure may apply.[6] *See id.* However, the only

---

[6] On appeal, the City takes the position that a high level of trust must be placed in the department to "maintain the sanctity of the two types of police and fire personnel files" because of the "unique nature of law enforcement and the complaints that a law enforcement agency receives

13

"screening" that occurs on the part of the department before materials are placed in a subsection (a)(2) file is a determination that the misconduct resulted in disciplinary action. *See* Tex. Loc. Gov't Code Ann. § 143.089(a)(2). In short, section 143.089 affords the department no discretion to determine whether a letter, memorandum, or document in its possession that relates to officer misconduct is "from the employing department."

The legislature has authorized a fire or police department to maintain a subsection (g) file on a firefighter or police officer for the department's use. Here, the fact that the City's police department chooses to also maintain records on investigations and complaints that result in disciplinary action does not operate to relieve the department of the duty to forward *all* information relating to a sustained disciplinary action to the civil service commission for placement in the subsection (a) personnel file. Thus, we hold that when an investigation is made into an officer's misconduct, all investigatory materials—including background documents such as complaints, witness statements, and documents of like nature from individuals who were not in a supervisory

---

and investigates." The City does not expressly invoke the law enforcement exception in its brief, but rather refers us to Captain Moseley's affidavit for an explanation of the "unique nature of law enforcement"; his justification for withholding certain information from the subsection (a) file resembles the law enforcement exception. *See* Tex. Gov't Code Ann. § 552.108 (West Supp. 2003) (permitting government to withhold internal records that relate to and, if released, would interfere with law enforcement); *see also City of Fort Worth v. Cornyn*, 86 S.W.3d 320 (Tex. App.—Austin 2002, no pet.) (discussing law enforcement exception).

Although our standard of review requires us to review the summary judgment evidence to answer all questions presented to the district court, we need not decide whether the law enforcement exception applies because when the City sent its open records request to the Attorney General, it never submitted any reasons or comments as to how the exception applied. Thus, the issue is not before us because the City failed to meet the TPIA's procedural requirements. *See* Tex. Gov't Code Ann. §§ 552.301(e), .326 (West Supp. 2003). Furthermore, if the director of the commission believes that the law enforcement exception (or any other exception) applies, the director may still be required to ask for an open records decision by the Attorney General. *See id*. § 552.301(a).

14

capacity—must be placed in the subsection (a) file if the misconduct results in disciplinary action. Because Exhibit M consists of investigatory materials, we further hold that it must be forwarded to the civil service commission for placement in its subsection (a) personnel file and made subject to disclosure pursuant to section 143.089(f) of the local government code. *See id*. §§ 143.089(a)-(f). We sustain the Attorney General's issue.

## CONCLUSION

Because the documents in Exhibit M must be filed with the director of civil service commission for placement in the commission's personnel file pursuant to section 143.089(a)(2), they are not confidential under section 143.089(g). We therefore reverse the district court's summary judgment insofar as it grants the City's motion as to Exhibit M and denies the Attorney General's motion as to Exhibit M; accordingly, we render judgment that Exhibit M is not confidential by law and therefore is subject to disclosure pursuant to section 143.089(f) and the guidelines set forth in this opinion.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Rendered

Filed:  May 30, 2003

15