# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00744-CV

**Greg Abbott, Attorney General of the State of Texas, Appellant**

**v.**

**North East Independent School District and Dr. Richard A. Middleton, in his Official Capacity as Custodian of Public Records for North East Independent School District, Appellees**

=========================================================================

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. GN304566, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING**

=========================================================================

## O P I N I O N

In this case, we decide whether a memorandum from a school principal to a teacher concerning complaints about the teacher and directing corrective action is "a document evaluating the performance of a teacher" that is confidential and exempt from disclosure under the Texas Public Information Act. *See* Tex. Educ. Code Ann. § 21.355 (West 1996); Tex. Gov't Code Ann. § 552.101 (West 2004). We have reviewed the document, and we agree that it is "a document evaluating the performance of a teacher." *See* Tex. Educ. Code Ann. § 21.355. As a result, we affirm the district court's summary judgment in favor of North East Independent School District.

North East Independent School District (NEISD) received a request under the Texas Public Information Act for all records concerning an NEISD teacher. NEISD provided some of the requested documents but withheld, among others, a memorandum dated May 20, 2003. This memorandum is the only document at issue in this case.[1]

NEISD requested a ruling from the Attorney General concerning the memorandum, asserting that the memorandum was exempt from disclosure under education code section 21.355. In response, the Attorney General issued a memorandum ruling, finding that the memorandum was not "a document evaluating the performance of a teacher" and thus not confidential. *See id*. NEISD[2] filed suit in Travis County, challenging the Attorney General's determination and seeking a declaration that the memorandum is confidential and thus exempt from disclosure. NEISD filed a traditional motion for summary judgment, and the Attorney General filed a cross-motion. The district court granted NEISD's motion and denied that of the Attorney General. This appeal followed.

The Attorney General presents one issue on appeal, arguing that the district court erred in granting summary judgment in favor of NEISD because the memorandum is not "a document evaluating the performance of a teacher" excepted from disclosure under the Texas Public Information Act (TPIA). *See id*.; Tex. Gov't Code Ann. § 522.101.

---

[1] This document remains under seal. We have reviewed it fully and refer to its contents only as necessary to resolve the dispute before us.

[2] Both NEISD and Dr. Richard A. Middleton, NEISD's custodian of public records, filed suit. For sake of simplicity, we refer to both parties as NEISD.

We review the district court's summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 291 (Tex. 2004) (citing *Knott*, 128 S.W.3d at 215-16). Where, as here, both parties move for summary judgment and the district court grants one motion and denies the other, we review the summary-judgment evidence presented by both sides, determine all questions presented, and render the judgment that the district court should have rendered. *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). We must affirm the summary judgment if any of the grounds asserted in the motion are meritorious. *Patient Advocates*, 136 S.W.3d at 648; *FM Props.*, 22 S.W.3d at 872.

"It is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees." Tex. Gov't Code Ann. § 552.001(a) (West 2004). The provisions of the TPIA are to be "liberally construed in favor of granting a request for information." *Id*. § 552.001(b). To withhold information under the TPIA, a governmental body must establish that the requested information is not subject to the Act or that withholding the information is permitted by one of the TPIA's enumerated exceptions to disclosure. *City of Fort Worth v. Cornyn*, 86 S.W.3d 320, 323 (Tex. App.—Austin 2002, no pet.) (citing *Thomas v. Cornyn*, 71 S.W.3d 473, 490 (Tex. App.—Austin 2002, no pet.)). Whether information is subject to the Act and whether an exception

to disclosure applies are questions of law. *A & T Consultants v. Sharp*, 904 S.W.2d 668, 674 (Tex. 1995).

Here, the parties agree that this case concerns only whether the memorandum is "a document evaluating the performance of a teacher" under section 21.355 of the education code, thus rendering the document confidential by law. This issue requires us to construe the word "evaluating" in section 21.355, a task that presents a question of law, which we review *de novo*. *See In re Forlenza*, 140 S.W.3d 373, 376 (Tex. 2004); *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). When interpreting a statutory provision, we must ascertain and effectuate legislative intent. *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2004). We first look to the plain and common meaning of the words the legislature used. Tex. Gov't Code Ann. § 311.011 (West 2005); *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000); *Texas Workers' Comp. Comm'n v. Texas Builders Ins. Co.*, 994 S.W.2d 902, 908 (Tex. App.—Austin 1999, pet. denied). In ascertaining legislative intent, we may consider the evil sought to be remedied, the legislative history, and the consequences of a particular construction. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). Further, we read every word, phrase, and expression in a statute as if it were deliberately chosen and presume the words excluded from the statute are done so purposefully. *See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex. App.—Austin 2002, pet. denied); *see also* 2A Norman J. Singer, Sutherland Statutory Construction § 47.25 (6th ed. 2000). When the statute does not define a term, as in this case, we may rely on definitions listed in commonly used dictionaries to discern the plain

4

meaning. *See Powell v. Stover*, 165 S.W.3d 322, 326 (Tex. 2005); *Mega Child Care, Inc.*, 145 S.W.3d at 196.

Education code section 21.355 provides that a "document evaluating the performance of a teacher or administrator is confidential." Tex. Educ. Code Ann. § 21.355. However, the statute does not define "evaluating." Dictionary definitions of "to evaluate" include "1. To ascertain or fix the value or worth of. 2. To examine and judge; appraise; estimate." *American Heritage Dictionary* 453 (1973). The Attorney General has recognized "that the legislature intended to make confidential any document that evaluates the performance of a teacher or administrator" and that such categorization includes a broader range of documents than formal appraisals provided by the education code. Op. Tex. Att'y Gen. No. ORD-643, at *2 (1996); *see also* Tex. Educ. Code Ann. §§ 21.351-.357 (West 1996 & Supp. 2005).

The Attorney General argues that the memorandum at issue in this case is merely a teacher reprimand, a document that cannot be an evaluation as a matter of law because it only recites allegations and metes out discipline but contains no evaluative information.[3] In response, NEISD asserts that distinguishing between "evaluations" and "reprimands" is an empty distinction. Our review of the document at issue in this case reveals that the school principal was memorializing a meeting with the teacher concerning performance issues. In addition, the principal reported additional information that she had received after the meeting concerning the same performance issues. The principal then gave performance directives and referred the teacher to various NEISD

---

[3] We note that the Commissioner of Education has determined separately that teacher reprimands *are* confidential under education code section 21.355. *See Teva v. Alanis*, 109 S.W.3d 890, 894 (Tex. App.—Dallas 2003, no pet.).

board policies and reformed communications procedures. Finally, the principal referred to the teacher's status under NEISD's formal appraisal system and gave further directives.

After careful review, we find that the memorandum evaluates the teacher because it reflects the principal's judgment regarding her actions, gives corrective direction, and provides for further review. Therefore, we find it confidential and exempt from disclosure. *See* Tex. Educ. Code Ann. § 21.355. We overrule the Attorney General's issue on appeal. We affirm the district court's grant of summary judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: May 12, 2006