**CITY OF DALLAS, Appellant,**

v.

**THE DALLAS MORNING NEWS, LP, Appellee.**

**No. 05–07–01736–CV.**

Court of Appeals of Texas, Dallas.

April 9, 2009.

Christopher J. Caso, Barbara E. Rosenberg, James Pinson, Office of City Attorney, Dallas, TX, for Appellant.

Paul C. Watler, Jackson Walker, L.L.P., Dallas, TX, for Appellee.

Before Justices MORRIS, FRANCIS, and MURPHY.

## OPINION

Opinion By Justice MURPHY.

This case involves open records requests for e-mails of the mayor and various employees of the City of Dallas under the Texas Public Information Act. The City appeals the judgment granted in favor of The Dallas Morning News, LP. In three points of error, the City contends the trial court erred in granting the News's motion for partial summary judgment and in denying the City's motion for summary judgment. In two additional points of error, the City complains that the trial court erred in rendering a declaratory judgment and in awarding attorney's fees to the News under section 552.323 of the Act. We affirm the trial court's denial of the City's summary judgment motion. We reverse the judgment in favor of the News and remand the case to the trial court for further proceedings.

## BACKGROUND

### The Levinthal and Dunklin Requests

News reporters Dave Levinthal and Reese Dunklin each submitted an open records request to the City seeking copies of e-mail messages sent and received by then-Mayor Laura Miller and various em-

ployees of the City. The Levinthal request was limited to e-mails sent to or received from official City Hall e-mail addresses, including e-mails from the personal Blackberry e-mail address of Mayor Miller, for the period October 8 to October 24, 2005. The Dunklin request included e-mails sent to and received from Mayor Miller and certain City employees on their official City Hall e-mail addresses, as well as e-mails from "accounts other than their city address to conduct city business," and covered the period June 5 to December 5, 2005. The Dunklin request therefore covered e-mails that never passed through the City server.

As provided for in the Texas Government Code, the City sought a decision from the Attorney General for multiple items in the Levinthal request. *See* TEX. GOV'T CODE ANN. § 552.301(a) (Vernon Supp.2008). Exhibit E to the letter from the City to the Attorney General specifically addressed e-mails received by various City employees on their official e-mail addresses from Mayor Miller's personal e-mail address. The City asserted e-mails sent solely to and from personal e-mail accounts are not public information subject to the Act because the City does not own or have a right of access to "most of this information." The City subsequently withdrew its request to withhold the items in Exhibit E, stating it had decided to withdraw its argument and release the information. In response, the Attorney General allowed and disallowed certain exceptions and stated expressly that it was not addressing the withdrawn request.

The City also sought a decision from the Attorney General for items in the Dunklin request. The City claimed two exceptions allowed under the Act, but did not request a decision regarding Dunklin's request for personal e-mails. The Attorney General issued a letter ruling on the Dunklin request, allowing withholding under the two exceptions.

The City and the News unsuccessfully attempted to resolve issues related to the Levinthal and Dunklin requests. The News filed this lawsuit before any records were produced.

## Trial Court Proceedings

In its original petition, the News sought a writ of mandamus requiring release of the requested information. *See* TEX. GOV'T CODE ANN. § 552.321(a) (Vernon 2004). The City produced to the News nine boxes containing what the City claimed to be all responsive, non-excepted public information. The News then filed an amended petition, alleging there had been release of some, but not all of the requested e-mails. The amended petition included a request for a declaratory judgment under the Uniform Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.003 (Vernon 2008).

Thereafter the News served the City with a subpoena to produce documents, including e-mails and documents relating to billing and payment of Mayor Miller's wireless service. The City filed motions for protective order and to quash the subpoena. The trial court granted the motions, protecting the City and Mayor Miller from producing any documents from personal e-mail accounts of the individuals identified in the Levinthal and Dunklin requests. The News did not seek relief from the trial court's order.

After the trial court quashed the subpoena, the News filed an amended traditional motion for partial summary judgment, requesting a writ of mandamus for release of e-mails accessible through the personal e-mail accounts of City employees, including the mayor. *See* TEX.R. CIV. P. 166a(c). It also filed a supplemental motion for summary judgment seeking a

declaration that the "e-mail of Mayor Miller and other city officials and employees to or from Blackberries or similar devices, or to or from e-mail accounts other than those with City Hall addresses, made in connection with the transaction of official business, is public information under the Texas Public Information Act."

The City filed its own traditional motion for summary judgment. The City claimed the News was not entitled to any relief because the City had not refused to perform a ministerial, nondiscretionary act demanded by the News. The City argued it had shown conclusively that it had produced all public information requested and asserted that the personal account e-mails were not public information as a matter of law.

The trial court granted the News's motion for partial summary judgment and supplemental motion for partial summary judgment, requiring the City to produce all non-excepted e-mails and declaring that the information responsive to the Levinthal and Dunklin requests is public information under the Act, "including but not limited to e-mail of Mayor Miller and other city officials and employees to or from Blackberry or similar devices, or to or from e-mail accounts other than those with City Hall addresses, made in connection with the transaction of official business, regardless of whether such e-mails passed through or were processed by City e-mail servers." The trial court denied the City's motion for summary judgment. Following a non-jury trial, the trial court awarded attorney's fees to the News. The City then filed this appeal.

In its first three points of error, the City contends the trial court erred in granting partial summary judgment for the News and in denying the City's motion for summary judgment. We address these points of error together.

## STANDARD OF REVIEW

We review a summary judgment using the well-established standard. The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 800 (Tex.1994). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied).

When, as here, both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *Guynes v. Galveston County*, 861 S.W.2d 861, 862 (Tex.1993); *Howard v. INA County Mut. Ins. Co.*, 933 S.W.2d 212, 216 (Tex.App.-Dallas 1996, writ denied). Neither party can prevail because of the other's failure to discharge its burden. *Guynes*, 861 S.W.2d at 862; *Howard*, 933 S.W.2d at 216. When both parties move for summary judgment, we consider all the evidence accompanying both motions in determining whether to grant either party's motion. *Howard*, 933 S.W.2d at 216; *Benchmark Bank v. State Farm Lloyds*, 893 S.W.2d 649, 650 (Tex.App.-Dallas 1994, no writ). When the trial court grants one motion and denies the other, the reviewing court should determine all questions presented. *See Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). The reviewing court should render

the judgment that the trial court should have rendered. *Id.*

## ANALYSIS

■ The Texas Public Information Act is founded on the policy of this State that each person is entitled to complete information about the affairs of government and the official acts of public officials and employees, unless otherwise expressly provided by law. *See* TEX. GOV'T CODE ANN. § 552.001(a) (Vernon 2004). "Public information," as defined by the Act, means "information that is collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; or (2) for a governmental body and the governmental body owns the information or has a right of access to it." TEX. GOV'T CODE ANN. § 552.002(a) (Vernon 2004). A municipal governing body is a "governmental body" for purposes of the Act. TEX. GOV'T CODE ANN. § 552.003(1)(A)(iii) (Vernon 2004). An individual is not a "governmental body" for purposes of the Act. *See Keever v. Finlan*, 988 S.W.2d 300, 305 (Tex.App.-Dallas 1999, pet. dism'd) (while governmental body includes school district board of trustees, trustee is not governmental body subject to Act).

■ Upon a request for public information, a governmental body's officer for public records must promptly produce public information for inspection, duplication, or both. TEX. GOV'T CODE ANN. § 552.221(a) (Vernon 2004). Information excepted under the Act is not subject to required disclosure. *See* TEX. GOV'T CODE ANN. § 552.101–.1425 (Vernon 2004 & Supp.2008). If a governmental body considers the requested information excepted from disclosure, and there has been no previous determination on the subject, the Act requires the governmental body to request a decision from the attorney general about whether the information is within an exception. TEX. GOV'T CODE ANN. § 552.301(a). If the governmental body fails to request an attorney general decision under section 552.301, the information requested in writing "is presumed to be subject to required public disclosure and must be released unless there is a compelling reason to withhold the information." TEX. GOV'T CODE ANN. § 552.302 (Vernon Supp.2008); *see also City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 364 (Tex.2000) (where city failed to prove memorandum was not subject to Act or fell within exception, court was not required to look at whether compelling demonstration had been made for nondisclosure). The governmental body bears the burden of proving that an exception to disclosure applies. *See Thomas v. Cornyn*, 71 S.W.3d 473, 488 (Tex.App.-Austin 2002, no pet.). A requestor may file suit for a writ of mandamus compelling a governmental body to release requested information if the governmental body refuses to request an attorney general's decision or refuses to supply public information. TEX. GOV'T CODE ANN. § 552.321(a).

The heart of the parties' dispute is whether Mayor Miller's Blackberry e-mails that never go through the City server are public information under the Act. In granting summary judgment in favor of the News, the trial court ruled that such e-mails, made in connection with the transaction of official business, are public information the City must produce. The News argues that when the mayor engages in authorized communication by personal e-mail relating to her authority under the City charter, the e-mail becomes "information that is collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business by ... or for a governmental body." *See* TEX. GOV'T CODE ANN.

§ 552.002(a). The City claims the e-mails do not meet the statutory definition of public information, regardless of whether the e-mails relate to the transaction of official business, because they are not collected, assembled, or maintained by or for the City, and the City does not own or have the right of access to them. On the record before us, neither the News nor the City has established its right to summary judgment as a matter of law.

■ Citing section 552.302 of the Act, the News first argues that the City, by not requesting an attorney general decision, waived its argument that personal account e-mails not captured on the official server are not public information. Section 552.302 provides only that information requested in writing is presumed to be subject to disclosure when the governmental body does not request an attorney general decision under section 552.301. TEX. GOV'T CODE ANN. § 552.302. By its express language, section 552.301 applies only to exceptions to disclosure:

> A governmental body that receives a written request for information that it wishes to withhold from public disclosure *and that it considers to be within one of the exceptions under Subchapter C* [sections 552.101–.1425] must ask for a decision from the attorney general about whether the information *is within that exception* if there has not been a previous determination about whether the information falls within one of the exceptions.

TEX. GOV'T CODE ANN. § 552.301(a) (emphasis added). The City was required to seek an attorney general decision only as to information it believed to be an "exception." TEX. GOV'T CODE ANN. § 552.301(a). The City does not claim an exception. Rather, it argues that personal account e-mails are not public information subject to the Act. The News cites no authority that

would extend its waiver argument, if valid, beyond the express language of the statute requiring requests for attorney general decisions only for claimed exceptions for what otherwise would be public information. No waiver exists here.

We next turn to both the News's and the City's summary judgment burdens relating to the Levinthal and Dunklin requests. The requested e-mails are not "public information" unless they are collected, assembled, or maintained in connection with the transaction of official business (1) by a governmental body; or (2) for a governmental body and the governmental body owns the information or has a right of access to it. TEX. GOV'T CODE ANN. § 552.002(a). The City is a governmental body as defined under the Act. TEX. GOV'T CODE ANN. § 552.003(1)(A)(iii). A governmental body does not include Mayor Miller or any City employee. *See Keever,* 988 S.W.2d at 305. Accordingly, the News had the burden to show the City had refused to produce existing e-mails collected, assembled, or maintained in connection with the transaction of official City business, which e-mails are owned by the City or to which it has a right of access. The City had the burden to show it had produced all such existing e-mails.

### The City's Summary Judgment Motion

■ To support its motion for summary judgment that it had produced all e-mails constituting public information, the City offered testimony from its administrative assistant attorney, its public information officer, and its information technology manager. In his affidavit, Jesus Toscano, Jr., administrative assistant attorney, detailed the chain of events relating to the search for requested information and production of "nine banker's boxes containing all the responsive nonexcepted public information—comprising thousands of

pages...." The affidavit did not address access to the Mayor's Blackberry e-mails.

As to the Mayor's personal Blackberry account, Celso Martinez, the City's director of public information and designated public information officer, testified twice that he was told by Stephen Hin King Wong of the City's Communication and Information Services department that the mayor's personal e-mails are on a separate server, and the City does not have *direct* access to them. Martinez testified that e-mails emanating from the Mayor's Blackberry go through a separate server and the City is "unable to obtain those *in the same fashion* that we could those e-mails that emanated or were processed through [the] city servers. Clearly a much easier process that way." (Emphasis added.) The Act does not qualify or narrow the definition of "access" to direct, or easy, access only. The issue is "right of access." Martinez's testimony does not answer the question of whether the City has the right of access to e-mails emanating from Mayor Miller's Blackberry.

The City's first letter to the Attorney General regarding the Levinthal request also raises questions regarding access. Prior to withdrawing its request for a decision on personal e-mail accounts, the City stated, "[W]e believe that information sent from the personal e-mail accounts of the mayor to the personal e-mail accounts of other City officials is not public information subject to the Act because the City does not have custody of or a right of access to *most* of this information." (Emphasis added.) We are left with the question of what access the City has to the rest "of this information."

The remaining evidence raises more questions. The evidence includes the City's affidavit of its Senior IT Manager, Rowland Uzu. Uzu states:

Whenever City Personnel utilize an e-mail account other than the City's e-mail accounts with the form of john.doe@dallascityhall.com or jane.doe@ci.dallas.tx.us., those e-mail messages are not sent to or received from a City e-mail account with the form of john.doe@dallascityhall.com or jane.doe@ci.dallas.tx.us, then those e-mail messages will not go through the City's servers or computers and will not, therefore, be stored with the City. For example, if Mayor Miller uses her private e-mail account lauramiller@mycingular.blackberry.net, and sends a message to John.Smith@aol.com, Dallas will not have a copy of that e-mail message. This Non–Dallas E–Mail is not collected, assembled or maintained by Dallas.

This affidavit suggests the City has no access to personal e-mail accounts. Yet, in its November 23, 2005 letter request to the Attorney General, the City submitted e-mails from officials' personal e-mail accounts. Specifically, the City produced e-mails between Mayor Miller and City Manager Mary Suhm sent from or received by their respective Blackberry Cingular e-mail addresses. The record is silent as to how these e-mails were obtained by the City.

Considering this record alone, we conclude a genuine issue of material fact exists precluding summary judgment as to whether the personal account e-mails are collected, assembled, or maintained by or for the City, and whether the City has the right of access to them. Because a fact issue exists, the trial judge did not err in denying the City's motion for summary judgment. We overrule the first three points of error to the extent the City complains the trial court erred in denying its motion for summary judgment.

### The News's Summary Judgment

 The News, in its motion for partial summary judgment for writ of mandamus, had the burden to show that the City refused to produce existing e-mails constituting public information. *See* TEX. GOV'T CODE ANN. § 552.321(a). For proof, it attached the affidavits of reporters Levinthal and Dunklin. It also relied on testimony from Michael Bostic, an assistant City attorney, for summary judgment evidence regarding Mayor Miller's personal e-mail.

The News argues in support of its summary judgment that testimony from the City's employees "conclusively demonstrates that the Mayor transacts official city business on her Blackberry." Yet the only testimony offered was Bostic's deposition response to questioning, that he "would think" Mayor Miller used her Blackberry to conduct official city business "from time to time." This testimony does not rise to the level of conclusive proof claimed by the News or that which is required to show it is entitled to summary judgment as a matter of law.

 For summary judgment proof that the City has refused to produce e-mails constituting public information, Levinthal testified in his affidavit:

> The City has produced some, but not all, of the responsive e-mails. In particular, the City did not produce responsive e-mails from Mayor Laura Miller's Blackberry. Some of those that were produced were redacted. Some of the redactions were erroneously made with the City thereby withholding information that should be released. The City

has failed to produce other responsive e-mails, despite the Attorney General's ruling.

Nowhere does Levinthal state facts supporting his opinion that the City has erroneously made redactions or failed to produce responsive e-mails, and his conclusions assume the existence of responsive e-mails. As a result, the affidavit is legally insufficient evidence. *See Gen. Motors Corp. v. Iracheta,* 161 S.W.3d 462, 471 (Tex.2005) ("It is well settled that the naked and unsupported opinion or conclusion of a witness does not constitute evidence of probative force and will not support a jury finding even when admitted without objection.") (quoting *Dallas Ry. & Terminal Co. v. Gossett,* 156 Tex. 252, 256, 294 S.W.2d 377, 380 (1956)). Even though the City's objection to the Levinthal affidavit could be raised for the first time on appeal, the City objected and the trial court overruled the objection.[1] *See Stewart v. Sanmina Tex. L.P.,* 156 S.W.3d 198, 207 (Tex.App.-Dallas 2005, no pet.) (substantive defects, such as affidavits which are nothing more than legal or factual conclusions, may be raised for first time on appeal).

Turning to the Dunklin affidavit, he testified that the City produced only a portion of the documents requested. Dunklin's testimony included a chart claiming to demonstrate omissions in "documents requested versus documents actually received" and purported to show that no e-mails were produced showing transmissions to or from Mayor Miller's Blackberry address.[2] The News asserts the gaps in the dates of documents produced by the

---

1. We do not reach the question of whether the trial court abused its discretion in overruling the objection for the reasons discussed in this opinion.

2. The City objected to the lack of personal knowledge and foundation sufficient for Dunklin to testify as to alleged unsupported

conclusions, and the trial court overruled those objections. We also do not reach the question of whether the trial court abused its discretion in overruling the objections to the Dunklin affidavit for the reasons discussed in this opinion.

City lead to a reasonable inference that the City failed or refused to disclose public information. The summary judgment record described above shows that e-mails from Mayor Miller's Blackberry address were, in fact, produced. The City does not contest production of e-mails from personal accounts if they passed through the City server. Additionally, the City testified through the Toscano affidavit that the nine boxes of documents produced constituted all non-excepted public information. Based on apparent errors in the Dunklin chart as well as conflicts raised by the City's evidence, we are left with unresolved fact questions about the existence of e-mails as well as access.

The News cannot meet its summary judgment burden of showing public information exists that the City has refused to produce by relying on unsupported conclusions and conflicting evidence. Even assuming Mayor Miller used her personal Blackberry from time to time for official business, this record does not show conclusively that public information exists here, responsive to the Levinthal and Dunklin requests, which has not been produced. We do not know what the terms of the personal account are; who has a right of access to the device or account; what type of access, if any, exists; who pays for the account; whether the City has any policies or contracts relating to personal e-mails or accounts; whether any e-mails exist falling within the News's requests; or other information relevant to the inquiries explored in addressing the public's open records rights. *See, e.g., Flagg v. City of Detroit,* 252 F.R.D. 346, 348 (E.D.Mich.2008) (City of Detroit entered into contract for text messaging services with non-party service provider for text messaging devices and corresponding services to various city officials and employees); Tex. Att'y Gen. ORD–3778 (1999) (factors relevant in deciding whether document is governmental or personal include: who prepared document; nature of document contents; purpose or use for document; who possessed document; who had access; whether governmental body required its preparation; whether its existence was necessary to or in furtherance of official business).

The News argues alternatively that if it failed to prove as a matter of law that the City is withholding information subject to disclosure, the failure was due to the City's "evasive discovery tactics." The News asserts the trial court's protective order with regard to the News's subpoena of documents left the News "in a position where it could not effectively investigate or prove its claim." The News's complaint relating to discovery does not entitle it to summary judgment. Nor does the News show that it pursued any remedy following the adverse ruling on the City's motions for protective order and to quash. It did not move for reconsideration of the order in the trial court, nor did the News appeal the trial court's discovery order. The trial court's protective order was rendered November 16, 2006, and the News's amended and supplemental motions for partial summary judgment were filed January 11, 2007 and September 24, 2007, respectively, in advance of the October 26, 2007 hearing on the News's motion for partial summary judgment. The News did not seek to continue the hearing based on an alleged inability to conduct discovery or investigate or prove its claim. *See* Tex.R. Civ. P. 166a(g), 251, 252.

Under well-established summary judgment standards, the News cannot prevail simply because of the City's failure to discharge its burden. *See Guynes,* 861 S.W.2d at 862. Where, as here, both parties move for summary judgment, we consider all the evidence accompanying both motions in determining whether to grant either party's motion. *Howard,* 933

S.W.2d at 216. We conclude on this record, the News failed to meet its summary judgment burden. We sustain the first three points of error to the extent that the City complains the trial court erred in granting the News's partial summary judgment for writ of mandamus.

### Declaratory Relief

In its fourth point of error, the City contends the trial court erred in rendering a declaratory judgment under the Uniform Declaratory Judgments Act in favor of the News. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.003. The trial court's declaratory judgment was rendered pursuant to the trial court's ruling on the supplemental motion for summary judgment and was premised on the summary judgment record. For the reasons set forth above, the trial court erroneously rendered the declaratory judgment.

### Attorney's Fees

The City contends in its fifth point of error that the trial court erred in awarding attorney's fees to the News because the News is not the prevailing or substantially prevailing party pursuant to section 552.323 of the Act. *See* Tex. Gov't Code Ann. § 552.323 (Vernon 2004). The News non-suited its claim for attorney's fees under the Uniform Declaratory Judgments Act, and we therefore are asked to address only application of section 552.323(a) of the Act. In a suit for writ of mandamus under section 552.321 of the Act, "the court shall assess costs of litigation and reasonable attorney fees incurred by a plaintiff who substantially prevails." Tex. Gov't Code Ann. § 552.323(a). Based on our reversal of the News's summary judgment, there is no longer a final judgment in this matter and therefore no prevailing or substantially prevailing party. *See Head v. U.S. Inspect DFW, Inc.,* 159 S.W.3d 731, 749 (Tex. App.-Fort Worth 2005, no pet.). We sustain the City's fifth point of error.

### CONCLUSION

We affirm the trial court's denial of the City of Dallas's motion for summary judgment. We reverse the judgment in favor of The Dallas Morning News and remand the case to the trial court for further proceedings.